# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Theresa Mason<br>Terrance A. Mason<br>    <u>Debtors</u> | CHAPTER 13 |
| U.S. Bank National Association, as Trustee for Conseco Finance Home Loan Grantor Trust 2002-A<br>    <u>Movant</u><br>vs. | NO. 17-14854 ELF |
| Theresa Mason<br>Terrance A. Mason<br>    <u>Debtors</u> | 11 U.S.C. Section 362 |
| William C. Miller, Esq.<br>    <u>Trustee</u> | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$2,414.76**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 2017 through March 2018 at $604.22/month |
| Suspense Balance: | $2.12 |
| **Total Post-Petition Arrears** | **$2,414.76** |

2. The Debtors shall cure said arrearages in the following manner;

a). Beginning on April 1, 2018 and continuing through March 1, 2019, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$604.22** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$201.23** towards the arrearages on or before the last day of each month at the address below;

**JPMorgan Chase Bank, N.A.**
**c/o Bankruptcy Department**
3415 Vision Drive
Mail Code OH4-7142
Columbus, OH 43219

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

Madson -17-14854

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The provisions of this stipulation do not constitute a waiver by the Debtors of their right to file a claim objection and / or adversary proceeding regarding the amount of the claim, interest or other charges claimed pre or post petition.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 26, 2018         By: /s/ Kevin G. McDonald, Esquire
                                 Attorney for Movant

Date: March 27, 2018
                             _____
                             Joseph F. Claffy, Esquire
                             Attorney for Debtors          **NO OBJECTION**

X 3/28/2018                  LeRoy Etheridge
**without prejudice to any    William C. Miller, Trustee
trustee rights or remedies**  LeRoy Wm. Etheridge, Attorney
                             1234 Market St., - Ste #1813
                             Philadelpha, PA. 19107
                             215-627-1377

Approved by the Court this _____ day of _____, 2018.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank